**Samuel E. FOSTER et al.**

v.

**Walter William CHILES,
III, M.D. et al.**

Supreme Court of Tennessee,
AT KNOXVILLE.

September 4, 2014 Session

Filed January 27, 2015

Stephen C. Daves, Knoxville, Tennessee, for the appellants, Walter William Chiles, III, M.D., and Knoxville Urology Clinic, P.C.

Edward G. White, II, and B. Chase Kibler, Knoxville, Tennessee, for the appellants, Gordon Lee Collins, M.D., and Anesthesia Medical Alliance of East Tennessee, P.C.

F. Michael Fitzpatrick and Rachel Park Hurt, Knoxville, Tennessee, for the appellants, Covenant Health and Parkwest Medical Center.

John D. Agee and Bradley D. Williams, Clinton, Tennessee, for the appellees, Samuel E. Foster and Mary Foster.

## OPINION

Sharon G. Lee, C.J., delivered the opinion of the Court, in which Cornelia A. Clark, Jeffrey S. Bivins, and Holly Kirby, JJ., joined. Gary R. Wade, J., filed a separate dissenting opinion.

This appeal presents two issues for review: 1) whether a person asserting a health care liability claim must give written notice of the claim to all potential health care defendants before re-filing a complaint, or whether notice given before filing the first complaint is sufficient notice for a subsequently filed complaint against the same defendants; and 2) if pre-suit notice is required for each complaint, whether the sanction for noncompliance is a dismissal with or without prejudice. The plaintiffs, before filing their health care liability complaint, gave the defendants written notice under Tenn.Code Ann. § 29–26–121(a)(1). Thereafter, the plaintiffs voluntarily dismissed their complaint. The plaintiffs re-filed their complaint but did not provide the defendants with notice before the re-filing. The trial court dismissed the complaint with prejudice for failure to comply with the notice requirement of Tenn.Code Ann. § 29–26–121(a)(1). The Court of Appeals reversed, holding that the plaintiffs had to give pre-suit notice only once and that pre-suit notice for the first complaint was sufficient for any subsequently filed complaints asserting the same claims against the same defendants. We hold that Tenn.Code Ann.

§ 29–26–121(a)(1) requires that plaintiffs notify prospective defendants of a forthcoming health care liability lawsuit before the filing of each complaint. The sanction for failure to comply with Tenn.Code Ann. § 29–26–121(a)(1) is a dismissal without prejudice.

## I.

In November 2009, Samuel Foster received medical treatment from Dr. Walter William Chiles, III, Dr. Gordon Lee Collins, Knoxville Urology Clinic, Anesthesia Medical Alliance of East Tennessee, Covenant Health, and Parkwest Medical Center ("Defendants"). On November 18, 2010, pursuant to Tenn.Code Ann. § 29–26–121(a)(1), Mr. Foster, through counsel, notified Defendants of his intent to file a health care liability action against them. On March 17, 2011, Mr. Foster and his wife, Mary Foster, filed a health care liability complaint in Knox County Circuit Court against Defendants. On May 6, 2011, the Fosters voluntarily dismissed their case.

On May 4, 2012, the Fosters filed a new complaint in Knox County Circuit Court, raising the same claims against the same defendants.[1] The complaint alleged that the notice requirements of Tenn.Code Ann. § 29–26–121(a) had been met, as shown by an affidavit attached to the complaint. However, neither an affidavit nor any proof of service of notice was attached to the complaint. The Fosters did not give Defendants pre-suit notice after dismissing the first complaint and before filing the second action.

Defendants moved to dismiss the complaint under Tenn. R. Civ. P. 12.02(6), based on the Fosters' failure to comply with Tenn.Code Ann. § 29–26–121(a)(1). Defendants asserted that § 29–26–121(a)(1) requires pre-suit notice to be given each time a complaint alleging health care liability is filed. Further, Defendants argued that the Fosters' failure to comply with § 29–26–121(a)(1) warranted a dismissal with prejudice. In response, the Fosters argued that they complied with the notice statute because they provided Defendants pre-suit notice before filing the first complaint and that the original notice was sufficient for any subsequently filed complaints.

The trial court granted Defendants' motions to dismiss, finding that Tenn.Code Ann. § 29–26–121(a)(1) requires plaintiffs who have voluntarily non-suited a health care liability action to provide notice to all defendants before re-filing the action. The trial court dismissed the complaint with prejudice.

The Court of Appeals reversed, holding that the Fosters had complied with Tenn. Code Ann. § 29–26–121(a)(1) by providing Defendants notice at least sixty days before filing their second complaint. The intermediate court reasoned that since the complaints were essentially identical, the plain language of § 29–26–121(a)(1) required only that Defendants be notified once. The Court of Appeals found that the Fosters' failure to attach to their complaint proof of service of notice under § 29–26–121(b) did not require dismissal and would have allowed the Fosters to late-file the required documentation.

We granted Defendants' application for permission to appeal to decide whether a

---

1. The second suit was filed pursuant to Tenn. Code Ann. § 28–1–105(a), which provides:
   If [an] action is commenced within the time limited by a ... statute of limitation, but [a] judgment ... is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, ... the plaintiff ... may ... commence a new action within one (1) year....
   Tenn.Code Ann. § 28–1–105(a) (2012).

person asserting a health care liability claim must give written notice of the claim to all potential health care defendants before each complaint is filed, or whether notice given before filing the first complaint is sufficient notice for a subsequently filed complaint against the same defendants. Further, if pre-suit notice is required for each complaint, we must determine whether the sanction for noncompliance is a dismissal with or without prejudice.

## II.

We review the trial court's dismissal of the complaint in this case de novo with no presumption of correctness. *Thurmond v. Mid–Cumberland Infectious Disease Consultants, PLC,* 433 S.W.3d 512, 516 (Tenn.2014) (citing *Myers v. AMI-SUB (SFH), Inc.,* 382 S.W.3d 300, 307 (Tenn.2012)). In analyzing the legal sufficiency of the complaint, we must presume that all factual allegations in the complaint are true and construe them in favor of the plaintiff. *Lind v. Beaman Dodge, Inc.,* 356 S.W.3d 889, 894 (Tenn.2011) (citing *Stein v. Davidson Hotel Co.,* 945 S.W.2d 714, 716 (Tenn.1997)). The issue of statutory construction involved in this appeal is also a question we review de novo, affording no presumption of correctness to the decisions of the lower courts. *Womack v. Corr. Corp. of Am.,* 448 S.W.3d 362, 366–67 (Tenn.2014) (citing *Baker v. State,* 417 S.W.3d 428, 433 (Tenn.2013)).

It is our duty to ascertain and fully effectuate the intent of the Legislature. *Thurmond,* 433 S.W.3d at 517 (citing *Baker,* 417 S.W.3d at 433). In doing so, we must take care not to broaden a statute beyond its intended scope or unduly restrict its coverage. *Shore v. Maple Lane Farms, LLC,* 411 S.W.3d 405, 420 (Tenn.2013) (citing *State v. Strode,* 232 S.W.3d 1, 9 (Tenn.2007)). We are to construe statutes reasonably, to "avoid[ ] statutory conflict and provide[ ] for harmonious operation of the laws." *Baker,* 417 S.W.3d at 433 (quoting *Frye v. Blue Ridge Neuroscience Ctr., P.C.,* 70 S.W.3d 710, 716 (Tenn.2002)).

Our construction of a statute must begin with the words the Legislature has chosen. *Lee Med., Inc. v. Beecher,* 312 S.W.3d 515, 526 (Tenn.2010) (citing *Waldschmidt v. Reassure Am. Life Ins. Co.,* 271 S.W.3d 173, 176 (Tenn.2008)). We must presume that the General Assembly intended each word in a statute to have a specific purpose and meaning. *Cunningham v. Williamson Cnty. Hosp. Dist.,* 405 S.W.3d 41, 44 (Tenn.2013) (citing *State v. Hawk,* 170 S.W.3d 547, 551 (Tenn.2005)). If the statutory language is clear and unambiguous, we apply its plain meaning, understood in its normal and accepted usage, without a forced interpretation. *Baker,* 417 S.W.3d at 433 (quoting *Carter v. Bell,* 279 S.W.3d 560, 564 (Tenn.2009)). Where statutory language is ambiguous, we may decipher legislative intent in other ways, including consideration of the broader statutory scheme, legislative history, and other sources. *Thurmond,* 433 S.W.3d at 517 (citing *Mills v. Fulmarque, Inc.,* 360 S.W.3d 362, 368 (Tenn.2012)).

## III.

### A.

Tenn.Code Ann. § 29–26–121(a)(1) provides for pre-suit notice as follows:

Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based

upon health care liability in any court of this state.

Tenn.Code Ann. § 29–26–121(a)(1) (2012).

■ In *Myers v. AMISUB (SFH), Inc.*, we held, based on the clear language of Tenn.Code Ann. § 29–26–121(a)(1), that the requirement of pre-suit notice is mandatory and not directory. 382 S.W.3d at 308–09. Strict compliance with the pre-suit notice provision is required; substantial compliance is not sufficient. *Id.* at 310. *Myers* involved a plaintiff who filed a health care liability action before Tenn. Code Ann. § 29–26–121(a)(1) became effective, non-suited the action, and then re-filed after the statute was in effect. *Id.* at 304. Before filing his second action, the plaintiff did not provide pre-suit notice to the health care defendants.[2] *Id.* at 306. We held that the plaintiff was required to strictly comply with the statute and provide written pre-suit notice. *Id.* at 310. We noted that after the dismissal of the first suit, the filing of the second suit was the institution of a new and independent action, which required its own pre-suit notice to the defendants. *Id.* at 309.

We address a somewhat similar issue in this case—whether notice given before the filing of the first complaint is sufficient pre-suit notice for a suit that is re-filed after the dismissal of the first complaint. The Fosters argue that § 29–26–121(a)(1) requires that pre-suit notice be given at least sixty days before the filing of "*a complaint.*" According to the Fosters, they gave Defendants pre-suit notice in November 2010, which sufficed for the complaints filed in March 2011 *and* in May 2012. Conversely, Defendants argue that the pre-suit notice given for the first complaint was not sufficient notice for the re-filed complaint and that they were entitled to new notice before the Fosters re-filed their lawsuit.

The language of § 29–26–121(a)(1) provides that any person asserting a potential health care liability claim "shall" give written notice of the claim to each health care defendant at least sixty days before the filing of a complaint. By the use of the word "shall," the Legislature evidenced its intent to require plaintiffs to give health care defendants notice of any complaint before it is filed. In *Myers,* we referenced the comments of Senator Mark Norris, the co-sponsor of Tenn.Code Ann. §§ 29–26–121 and –122, indicating that the new laws were "designed to give people notice that there's about to be a claim and to put everyone who might be involved on notice that a suit will *shortly* be filed." *Myers,* 382 S.W.3d at 309–10 (emphasis added).

The notice statute, § 29–26–121, ensures that health care defendants are provided with timely notice of potential claims prior to the commencement of litigation. *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.,* 418 S.W.3d 547, 564 (Tenn.2013) (citing *Myers,* 382 S.W.3d at 309). Pre-suit notice affords defendants the opportunity to investigate the merits of a claim and to pursue settlement negotiations before suit is filed. *Id.* (citing *DePue v. Schroeder,* No. E2010–00504–COA–R9-CV, 2011 WL 538865, at *5–7 (Tenn.Ct. App. Feb. 15, 2011)); *see also Jenkins v. Marvel,* 683 F.Supp.2d 626, 638–39 (E.D.Tenn.2010) (noting § 29–26–121's similarity with a Texas pre-suit notice statute, also created "to facilitate early resolution of cases through settlement"). Early resolution of claims is beneficial to the parties and is an efficient use of judicial resources.

---

2. The plaintiff in *Myers* also failed to comply with Tenn.Code Ann. § 29–26–122 by his failure to attach a certificate of good faith to the complaint. *See* Tenn.Code Ann. § 29–26–122 (2012).

When the Fosters first gave pre-suit notice on November 18, 2010, Defendants, knowing that a lawsuit was forthcoming, had the opportunity to investigate the claim and pursue settlement negotiations as contemplated by the notice statute. Suit was filed on March 17, 2011, but dismissed on May 6, 2011. As of the dismissal of the suit, there was no pending litigation between the parties. Eighteen months after the Fosters first gave Defendants notice of the original suit, and nearly a year after the suit's dismissal, the Fosters sued Defendants again. The second filing was the institution of a new and independent action. *Myers*, 382 S.W.3d at 309.[3] Defendants had no advance notice of the second suit, no chance to investigate the claim, and no opportunity to pursue settlement negotiations before the suit was filed. This was not the result intended by the Legislature in enacting § 29–26–121(a)(1).

Although the March 2011 and May 2012 complaints asserted the same claims and involved the same parties, Defendants were statutorily entitled to separate notice of each forthcoming complaint so that they might evaluate the merits of the claim and pursue settlement. To hold otherwise would be to ignore the clear and unambiguous language of § 29–26–121(a)(1) and to thwart the intent of the Legislature. We do not favor procedural dismissals, but we are unwilling to engage in a strained interpretation of the statute to reach a desired result. The Fosters could easily have avoided the delay caused by the dismissal of their complaint had they simply complied with the statute and given Defendants pre-suit notice.

We hold that Tenn.Code Ann. § 29–26–121(a)(1) requires that plaintiffs provide pre-suit notice to prospective health care defendants each time a complaint is filed. Because the Fosters did not provide Defendants with notice that they intended to recommence their health care liability action, the Fosters failed to comply with § 29–26–121(a)(1).

**B.**

We now address the consequences of the Fosters' failure to comply with Tenn.Code Ann. § 29–26–121(a)(1). § 29–26–121 does not provide for a penalty or consequence for failing to provide pre-suit notice. We held in *Stevens* that noncompliance with Tenn.Code Ann. § 29–26–121(a)(2)(E) required a dismissal without prejudice. 418 S.W.3d at 560. In *Stevens*, we noted that § 29–26–121 did not provide for a penalty for noncompliance, whereas § 29–26–122 expressly required a dismissal with prejudice for a plaintiff's failure to file a certificate of good faith. *Id.* at 560–61. These code sections, §§ 29–26–121 and –122, were enacted together as part of the Tennessee Health Care Liability Act; therefore, we interpret these sections together and must presume that the Legislature intended for them to carry different sanctions for noncompliance. *Id.* at 560. The Legislature could have, but did not, provide for dismissal with prejudice for noncompliance with § 29–26–121(a)(1). Therefore, we hold that dismissal without prejudice is the proper sanction for noncompliance with Tenn.Code Ann. § 29–26–121(a)(1).[4]

---

**3.** In *Myers*, the health care defendants had knowledge of the claim from the first-filed complaint, but we held that the defendants were still entitled to statutory pre-suit notice of the subsequent complaint. 382 S.W.3d at 309. The same is true in the case before us.

**4.** As Tenn.Code Ann. § 29–26–121(a)(1) requires dismissal of this action, we need not address the Fosters' noncompliance with § 29–26–121(b).

## Conclusion

We hold that the Fosters were required to provide Defendants with notice under Tenn.Code Ann. § 29–26–121(a)(1) before filing their second complaint. The Fosters failed to provide the required pre-suit notice. We reverse the judgment of the Court of Appeals and dismiss this action without prejudice. Costs of this appeal are assessed to Samuel E. Foster and Mary Foster and their surety, for which execution may issue if necessary.

Gary R. Wade, J., dissenting.

Tennessee Code Annotated section 29–26–121(a)(1) provides that any person who has a potential claim for health care liability must serve written notice on each defendant at least sixty days before filing a complaint. In this case, the Court of Appeals held that Samuel E. Foster and his wife, Mary Foster (collectively, the "Plaintiffs"), complied with the plain language of this statute by sending notices of their potential claims well over sixty days prior to filing their complaint. Because I believe that the Court of Appeals properly interpreted the statute, I respectfully disagree with the conclusion reached by my colleagues and would remand this action for a trial on the merits rather than dismiss without prejudice to the filing of a third complaint.

## I. Facts and Procedural History

In November of 2009, Samuel Foster underwent a urological procedure at Parkwest Medical Center, which allegedly resulted in serious complications. On November 18, 2010, the Plaintiffs sent notices of potential health care liability claims to Dr. Walter Chiles, the physician primarily responsible for the procedure, and also to Dr. Gordon Collins, the Knoxville Urology Clinic, the Anesthesia Medical Alliance of East Tennessee, and Parkwest Medical Center (collectively, the "Defendants"). On March 17, 2011, the Plaintiffs timely filed their first lawsuit, in which Mr. Foster asserted health care liability claims based on the November 2009 procedure and Mrs. Foster asserted a claim for loss of consortium. On May 6, 2011, the Plaintiffs filed a voluntary nonsuit, which resulted in a dismissal without prejudice. *See* Tenn. R. Civ. P. 41.01(1).

On May 4, 2012, within one year after the dismissal of the first suit, the Plaintiffs re-filed the same claims in a second lawsuit, as is permitted by the saving statute, *see* Tenn.Code Ann. § 28–1–105(a). The Plaintiffs did not send a second notice to the Defendants prior to the re-filing. Upon motion by the Defendants, the trial court dismissed the second lawsuit because of the Plaintiffs' failure to send an additional notice of the same claims. The Court of Appeals reversed, holding that the clear and unambiguous language of section 29–26–121(a)(1) requires notice of the potential claims before suit, that the Plaintiffs had provided notice within the prescribed period of time, and that the Defendants had "clearly" received notice of the potential claims:

> [The] Plaintiffs, who are "persons asserting a potential claim for health care liability," provided "written notice of the[ir] potential claim" more than sixty days before May 4, 2012, the date on which they filed their second complaint. The second complaint asserted the identical cause[s] of action alleged against the same defendants in the first complaint.
>
> .... The Supreme Court stated in *Myers* [*v. AMISUB (SFH), Inc.*] that "[t]he essence of Tennessee Code Annotated section 29–26–121 is that a defendant be given notice of a medical malpractice claim before suit is filed." 382 S.W.3d [300, 309 (Tenn.2012) ]. Thus,

the fact that [the] Plaintiffs' voluntary nonsuit ended the first lawsuit and their re-filing under the saving statute started a new one begs the fundamental and dispositive question: were the defendants given notice of this health care liability action before the second complaint was filed? The answer is clearly "yes." The clear and unambiguous language of [section 29–26–121(a)(1)], as parsed above, supports this conclusion. The [P]laintiffs here did not attempt, in their second complaint, to assert different or additional causes of action, nor did they add new defendants—ones that did not receive notice prior to the first complaint. We again stress that the parties and the causes of action in the two complaints are identical. We hold that, under the undisputed facts, [the P]laintiffs complied with the notice requirement of [section] 29–26–121 by providing written notice to the potential defendants of the [P]laintiffs' potential claim for health care liability—as brought to fruition in the second complaint—more than sixty · days before they filed their second action.

*Foster v. Chiles*, No. E2012–01780–COA–R3–CV, 2013 WL 3306594, at *3–4 (Tenn. Ct.App. June 27, 2013) (second and sixth alterations in original). The majority of this Court has rejected the interpretation of the Court of Appeals, holding that the plain language of the statute requires a second notice when a health care liability claim is re-filed pursuant to the saving statute. I am unable to interpret the statute in that manner.

## II. Analysis

In pertinent part, the pre-suit notice statute provides as follows: "Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant before the filing of a complaint...." Tenn.Code Ann. § 29–26–121(a)(1). The statute further sets out the content requirements of the notice, which include the full name and date of birth of the patient; the name and address of the claimant if different than the patient; the name and address of the attorney, if applicable; the names and addresses of the providers receiving the notice; and a HIPAA compliant medical authorization to obtain all medical records. *Id.* § 29–26–121(a)(2)(A)–(E). Substantial compliance is required as to the content requirements. *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 555 (Tenn.2013). The statute deems the requirement of serving notice to be met if, "within the statutes of limitations and ... repose," the plaintiff serves the notice by personal delivery or mail and provides proof of service in the manner specified by the statute. Tenn.Code Ann. § 29–26–121(a)(3)–(4). None of these requirements as to form, content, or service would appear to bar the claims at issue.[1]

To the point, section 29–26–121(a)(1) simply · requires that a plaintiff provide written notice of each "potential claim" for health care liability. Here, the Plaintiffs did so at least sixty days before they filed either of their complaints, thereby satisfying the terms of the statute. Our saving statute permits the re-filing of a claim after a voluntary nonsuit, Tenn.Code Ann. § 28–1–105(a), as the Plaintiffs did in this

---

1. The Defendants have claimed for the first time on appeal, that the Plaintiffs' medical authorization is inadequate because it was set to expire "whenever [Mr. Foster's] litigation ends." The Defendants waived consideration of this issue by failing to present it to the trial court. *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn.1983) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal....").

instance. A voluntary nonsuit is not unusual, especially in a health care liability action, and does not affect a defendant's prior notice of a plaintiff's "potential claim." The Plaintiffs' second action was based upon the same claims set out in the prior notice. Given the Defendants' awareness of the Plaintiffs' potential claims following the voluntary nonsuit, nothing prevented the Defendants from pursuing settlement negotiations before the commencement of the second action. Moreover, nothing in section 29–26–121 requires a second notice when a plaintiff refiles the same claim in a new lawsuit. Nor does the statute provide that notice of a potential claim shall lapse or become void following the voluntary dismissal of a suit without prejudice. Under these circumstances, I believe that the Court of Appeals properly concluded that the Plaintiffs had complied with both the letter and the spirit of section 29–26–121(a)(1). *Foster*, 2013 WL 3306594, at *3–4.

As a matter of state public policy, this Court has recognized that "[d]ismissals based on procedural grounds ... run counter to the judicial system's general objective of disposing of cases on the merits." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn.2003); *see also Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn.1985) (" '[T]he interests of justice are best served by a trial on the merits....' " (quoting *SEC v. Seaboard Corp.*, 666 F.2d 414, 417 (9th Cir.1982))). The general policy in favor of the resolution of disputes on the merits is reflected in both the Tennessee Rules of Civil Procedure and the Tennessee Rules of Appellate Procedure. *See* Tenn. R.App. P. 1 ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every proceeding *on its merits*." (emphasis added)); *Jones v. Prof'l Motorcycle Escort Serv., L.L.C.*, 193 S.W.3d 564, 572 (Tenn. 2006) ("The Tennessee Rules of Civil Procedure are intended 'to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties.' " (quoting *Karash v. Pigott*, 530 S.W.2d 775, 777 (Tenn. 1975))). In my view, the dismissal of this action under these circumstances conflicts with the principle that disputes should be decided on their merits whenever possible. The dismissal will perhaps preclude, and will certainly delay, resolution of the ultimate issue—whether the Defendants breached their duty of care to Mr. Foster.

### III. Conclusion

It is of some comfort that the majority has chosen to dismiss this action without prejudice, indicating that the Plaintiffs may send another pre-suit notice, as redundant as it may be, and ultimately file a third complaint:

If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff *upon any ground not concluding the plaintiff's right of action,* or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, *or reversed on appeal, the plaintiff ... may, from time to time, commence a new action within one (1) year after the reversal....*

Tenn.Code Ann. § 28–1–105(a) (emphasis added). Although the maxim "justice delayed is justice denied" may not precisely apply in this instance, the majority ruling, in my opinion, encourages procedural dismissals, time-consuming appeals, inordinate legal expenses, and needless re-filings. I would affirm the judgment of the Court of Appeals and allow the case to proceed to trial.