IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 5, 2020 Session

## JUDY WEBB v. TREVECCA CENTER FOR REHABILITATION AND HEALING, LLC

### Appeal from the Circuit Court for Davidson County
No. 18C2905    Amanda Jane McClendon, Judge

_____

### No. M2019-01300-COA-R3-CV

_____

This appeal concerns the dismissal of a health care liability action against a long-term care facility. The trial court dismissed the complaint without prejudice because the plaintiff did not provide the long-term care facility with pre-suit notice of her claim as required by statute. The plaintiff argues that the notice she mailed to the facility's administrator at the facility's business address satisfied the statutory requirement. Because her letter was not directed to the facility, we affirm the dismissal of her complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., joined. RICHARD H. DINKINS, J., not participating.

Marc A. Walwyn, Chattanooga, Tennessee, for the appellant, Judy Webb.

Rebecca Adelman and John D. Woods III, Memphis, Tennessee, for the appellee, Trevecca Center for Rehabilitation and Healing, LLC.

### OPINION

### I.

Judy Webb was a patient at Trevecca Center for Rehabilitation, LLC ("Trevecca Center"), a long-term care facility. On August 5, 2017, Ms. Webb suffered an acute displaced femoral fracture as a result of a fall.

On July 6, 2018, Ms. Webb sent written notice of a potential health care liability action to five current or former employees of Trevecca Center—Larry J. Barnes, RN; James T. Bertel, LPN; Annette M. Ferreira, LPN; Stephanie King, RN; and Pamela Bishop. *See* Tenn. Code Ann. § 29-26-121(a)(1) (Supp. 2020). All the notices were mailed to Trevecca Center's business address. Ms. Webb enclosed a HIPAA-compliant medical authorization with each letter.

Relying on the 120-day extension of the statute of limitations, Ms. Webb then filed this health care liability action against Trevecca Center and four individual defendants. *See id.* § 29-26-121(c). She attached to her complaint all the statutorily required documentation for a health care liability action. After verifying that Trevecca Center employed the four individual defendants at the time of the alleged incident, Ms. Webb voluntarily dismissed her claims against the individuals.

Trevecca Center moved to dismiss based on lack of pre-suit notice. *See* Tenn. R. Civ. P. 12.02(6). Ms. Webb responded that her letter to Pamela Bishop, Trevecca Center's administrator, satisfied the statutory requirement. But the letter made no mention of Ms. Bishop's role as administrator. And Ms. Webb never specified that her claim was against Trevecca Center. She addressed her letter to

Pamela Bishop
Trevecca Center for Rehabilitation and Healing, LLC
329 Murfreesboro Pike
Nashville, TN 37210

The letter opened,

Dear Pamela Bishop:

Please accept this as written notice of a potential claim for health care liability, pursuant to Tenn. Code Ann. § 29-26-121.

As required by statute, Ms. Webb provided a list of the other providers who were given notice of her claim. And she enclosed a signed medical release authorizing the other individuals "to use and disclose the protected health information described below to Pamela Bishop."

The trial court granted Trevecca Center's motion and dismissed the complaint without prejudice. The court also denied Ms. Webb's subsequent motion to alter or amend. It concluded that Ms. Webb failed to give pre-suit notice to Trevecca Center.

None of the letters were addressed directly to Trevecca Center. . . . [Ms. Webb] did not attempt to serve the Notice of Intent on the registered

2

agent of Trevecca Center. There was a notice addressed to Trevecca Center's administrator, Pamela Bishop, but the notice does not identify her as the administrator and did not say a claim was being asserted against Trevecca Center. It was sent to her just as it was [to] the other individually named defendants who are current or former employees of Trevecca Center.

## II.

The dispositive issue on appeal is whether Ms. Webb provided pre-suit notice of a potential health care liability claim to Trevecca Center.[1] We review the trial court's decision de novo, with no presumption of correctness. *See Runions v. Jackson-Madison Cty. Gen. Hosp. Dist.*, 549 S.W.3d 77, 85 (Tenn. 2018). This action is governed by the Health Care Liability Act. *See* Tenn. Code Ann. § 29-26-101(a)(1) (Supp. 2020) (defining health care liability action). The HCLA mandates that

> [a]ny person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

*Id.* § 29-26-121(a)(1). Pre-suit notice may be served through personal delivery or certified mail. *Id.* § 29-26-121(a)(3).

Pre-suit notice is mandatory. *Runions*, 549 S.W.3d at 86. So our courts require strict compliance. *Id.* To satisfy the pre-suit notice requirement, "the plaintiff must communicate in writing *directed to the potential defendant* about the claim." *Id.* at 87 (emphasis added). Ms. Webb sent notice of a potential claim to five individuals at Trevecca Center's business address. None of these letters were specifically directed to Trevecca Center. And the notice to Pamela Bishop failed to identify Ms. Bishop as the facility administrator or indicate that Ms. Webb was asserting a claim against the facility.

According to Ms. Webb, Trevecca Center knew she was asserting a claim against the facility. But the defendant's actual or constructive knowledge is not our concern. *Id.* at 88-89. When the disputed issue is whether the plaintiff provided pre-suit notice at all, "the proper inquiry is whether the plaintiff *gave* pre-suit notice to the health care provider

---

[1] Although Ms. Webb designated two issues for appeal, she never raised her second issue in the trial court. Issues raised for the first time on appeal are waived. *See Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006). While we have the discretion to consider an issue that was improperly raised, we decline to do so here. *See Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000) (citing Tenn. R. App. P. 13(b) and 36(a)).

to be named a defendant, not whether the health care provider knew about the claim [from another source]." *Id.* at 87.

Ms. Webb places great significance on the absence of any health care license designation by Ms. Bishop's name. But whether Ms. Bishop qualified as an individual health care provider is not dispositive. After all, this would not be the first time a health care liability plaintiff sent pre-suit notice to the wrong person. *See Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582, 590 (Tenn. Ct. App. 2013) (noting that the plaintiff sent pre-suit notice to an entity that was neither a health care provider nor a proper defendant).

We find Ms. Webb's argument that the pre-suit notice requirement can be satisfied "through substantial compliance with Tenn. Code Ann. § 29-26-121(a)(3)(B)(ii)" unavailing.[2] Substantial compliance with the service requirement in Tennessee Code Annotated § 29-26-121(a)(3)(B)(ii) cannot substitute for providing pre-suit notice to the proper defendant. As our supreme court explained, "Implicit in [the statutory] language is that a plaintiff must direct the notice to the health care provider and not to some other person or entity." *Runions*, 549 S.W.3d at 89. Notice directed to the wrong person or entity is ineffective. *Shockley*, 429 S.W.3d at 590.

Pre-suit notice of a potential health care liability claim is mandatory. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 309 (Tenn. 2012). Because Ms. Webb did not provide pre-suit notice to Trevecca Center, the trial court properly dismissed the complaint. *See Foster v. Chiles*, 467 S.W.3d 911, 916 (Tenn. 2015).

### III.

We affirm the trial court's decision to dismiss her complaint without prejudice.

_____
W. NEAL MCBRAYER, JUDGE

---

[2] Tennessee Code Annotated § 29-26-121(a)(3)(B)(ii) requires a plaintiff to mail pre-suit notice to a corporate health care provider at "both the address for the agent for service of process, and the provider's current business address, if different." Ms. Webb argues that she substantially complied with this provision by mailing pre-suit notice to Trevecca Center's current business address.