IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2023

## IN RE CHRISTOPHER R.[1]

**Appeal from the Juvenile Court for Crockett County**
**No. 2021-PAT-2     Paul B. Conley, III, Judge**

_____

### No. W2023-00082-COA-R3-JV

_____

A woman asserting that she is a child's great-grandmother filed a petition to establish paternity and for grandparent visitation. On the face of the petition, the purported great-grandmother brought the action both on behalf of herself and, acting with a power of attorney, on behalf of her grandson, the alleged biological father of the child. The parties agree that a power of attorney was never properly executed by the alleged father. After a hearing, the trial court dismissed the petition in full. With regard to the paternity suit, the trial court found that the great-grandmother lacked the authority to file a paternity suit on the alleged biological father's behalf and did not have standing to bring it on her own behalf, and therefore the paternity action was due to be dismissed. With regard to the grandparent visitation action, the trial court held that without a pending contested paternity suit, the grandmother lacked standing to bring an action for grandparent visitation, and in the alternative, that the juvenile court lacked subject matter jurisdiction to hear the action. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and CARMA DENNIS MCGEE, JJ., joined.

Harold E. Dorsey, Trenton, Tennessee, for the appellants, Christopher W. and Shirley H.

Rebecca S. Mills, Ripley, Tennessee, for the appellees, Katelyn R. and Ryan. R.

### OPINION

_____

[1] In cases involving minor children, it is the policy of this court to redact the parties' names so as to protect their identities. *In re Zoey L.*, No. E2019-01702-COA-R3-PT, 2020 WL 2950549, at *1 n.1 (Tenn. Ct. App. June 3, 2020).

In July 2020, Christopher R. was born to Katelyn R. (Mother).  Mother was married to Ryan R. (Father) when the child was conceived and remained married to him at the time of the child's birth.  However, when Christopher R. was conceived, Mother and Father were temporarily separated, and Mother was engaged in a romantic relationship with Christopher W.  Christopher W. contends that their relationship began in October 2019, Mother found out that she was pregnant in November 2019, and their relationship lasted until January 2020 when Christopher W. was arrested and began a prison sentence. Both Mother and Christopher W. indicate that the relationship involved sexual intercourse.

Shirley H. is Christopher W.'s grandmother.  She alleges that Christopher W. is Christopher R.'s biological father, and thus she is the child's great-grandmother.  The parties dispute to what extent Shirley H. was involved in Christopher R.'s life after his birth, but the parties agree that she provided some amount of care for the child.

In May 2021, Shirley H. filed a "Petition to Establish Paternity and Grandparent Visitation" naming Mother as the respondent. On the face of the petition, Shirley H. asserted that she brings the suit "acting as power of attorney for" Christopher W. "and on her own accord." A durable power of attorney that is notarized and witnessed, but not signed by Christopher W., was attached to the petition as Exhibit A.

In September 2021, Shirley H. filed an "Amended Petition to Establish Paternity and Grandparent Visitation."  The Petition added Ryan R. as a respondent, but otherwise, the language of the Petition remained the same, including Shirley H's assertion that she brought suit "acting as power of attorney for" Christopher W. "and on her own accord."

Mother and Father filed an "Answer to Amended Petition to Establish Paternity and Grandparent Visitation" in which they requested that the case be dismissed arguing, among other things, that due to the invalid power of attorney, Shirley H. "is without proper authority to file a Petition to Establish Paternity in [Christiopher W.]'s stead" and that, absent Christopher W.'s established paternity, Shirley H. "is not a proper party to petition for grandparent visitation rights."

The trial court held a hearing on the matter in November 2022.  Between the filing of the Answer and the hearing, Christopher W. filed an affidavit in which he stated that he had a romantic relationship with Mother during the time period of the child's conception, and that before the child was born he attended doctors' appointments and supported Mother financially up until the time he was incarcerated. The affidavit did not, however, ask the court to establish his paternity through genetic testing or otherwise, nor did it purport to be a petition to establish paternity.

After the hearing, the trial court issued a written order dismissing the Petition.  The

court made multiple findings of fact and conclusions of law in support of this conclusion, addressing both the paternity petition and the grandparent visitation petition. As an initial matter, the trial court found that it was not contested that Mother was married to Father when Christopher R. was born, creating a rebuttable presumption under Tennessee Code Annotated section 36-2-304(a)(1) that Father is the legal father.

With regard to the petition to establish paternity, the trial court found that the power of attorney was not properly executed, and therefore Shirley H. did not have authority to bring a paternity action on behalf of Christopher W. using a power of attorney. Furthermore, the trial court noted that Christopher W.'s affidavit, which is the only document in the record executed by Christopher W. himself as opposed to by Shirley H. under a defective power of attorney, did not make a request to establish paternity through genetic testing and was not itself a "proper pleading" that purported to be a petition to establish paternity. Accordingly, the trial court determined that there was no "contested paternity case" before it under Tennessee Code Annotated section 24-7-112(a)(1)(A).[2]

With regard to the petition for grandparent visitation, the trial court found that without Christopher W. being established as the legal father, Shirley H. was not a "biological grandparent" as defined by Tennessee Code Annotated section 36-6-306(e)(4); therefore, she lacked standing to bring a petition for grandparent visitation. Alternatively, the trial court found that the juvenile court lacked jurisdiction to hear grandparent visitation issues because the child was not "born out of wedlock," as required by Tennessee Code Annotated section 36-6-306(a).

Shirley H. appeals to this court on her own behalf, and, ostensibly, on behalf of Christopher W., arguing the trial court erred. In opposition, Mother and Father argue in support of the trial court's decision.

II.

With regard to this court's standard of review, when reviewing the grant of a motion to dismiss, we presume all factual allegations to be true and construe them in favor of the plaintiff. *Metro. Gov't of Nashville & Davidson Cnty. v. Tennessee Dep't of Educ.*, 645 S.W.3d 141, 147–48 (Tenn. 2022) (citing *Foster v. Chiles*, 467 S.W.3d 911, 914 (Tenn. 2015)). Questions of law, however, are reviewed de novo with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)).

III.

---

[2] The Order references Tennessee Code Annotated section 24-7-12(a)(1)(A) rather than section 24-7-112(a)(1)(A), but this appears to be simply a typographical error.

We first address the trial court's dismissal of the petition to establish paternity. The starting point for our analysis is the face of the Petition and Amended Petition (collectively "the Petition"). Identifying who is bringing the action, both documents state the following:

> Shirley [H.], Great-Grandmother of the Child, acting as power of attorney for Father, Christopher [W.], and on her own accord, by and through counsel, asks this Court to establish paternity of the Child, Christopher [R.], pursuant to *Tennessee Code Annotated* §§ 36-2-307 and 24-7-112, and establish grandparent visitation for Great-Grandmother pursuant to *Tennessee Code Annotated* §§ 36-6-306 and 36-6-307.

Exhibit A to both Petitions is the power of attorney, which remained unsigned by Christopher W.

The trial judge found that the power of attorney was not properly executed and therefore was invalid. In her brief before this court, Shirley H. does not contest this finding. Rather, she asserts that the power of attorney was unnecessary for Christopher W. to file a Petition to Establish Paternity, and therefore its invalidity is irrelevant.

While petitioner Shirley H. is correct insofar as Christopher W. *could have* filed a Petition to Establish Paternity on his own behalf, the face of the Petition here plainly indicates he *did not* do so in this case. The trial court was told, via the Petition, in no uncertain terms that Shirley H. was filing on Christopher W.'s behalf pursuant to a power of attorney that was attached as an exhibit. Plaintiffs are the masters of their own complaint, and here Shirley H. expressly filed on behalf of Christopher W. acting in a power of attorney capacity, which as noted above has been conceded to have been defective, rather than Christopher W. filing on his own behalf. *See Mullins v. State*, 294 S.W.3d 529, 540 (Tenn. 2009) (noting that "[p]laintiffs are the masters of their complaint"); *Mears v. Nashville Ctr. for Rehab. & Healing, LLC*, No. M-2022-00490-COA-R3-CV, 2023 WL 2681898, at *6 (Tenn. Ct. App. Mar. 29, 2023); *Chimneyhill Condo. Ass'n v. Chow*, No. W2020-00873-COA-R3-CV, 2021 WL 3047166, at *13 (Tenn. Ct. App. July 20, 2021), *perm. app. denied* (Tenn. Nov. 17, 2021).

Given the plain language on the face of the Petition, the validity of the power of attorney is not irrelevant, as argued by Shirley H., but rather central to whether Christopher W. is properly a petitioner in the case. As noted above, the trial judge's finding that the power of attorney was invalid was not challenged on appeal. Accordingly, it is uncontested that Shirley H. did not have the power to bring the action on behalf of Christopher W. in that capacity.

Christopher W.'s affidavit, the only document in the record executed by Christopher W. directly as opposed to by Shirley H. on behalf of Christopher W., does not change this analysis. As found by the trial court, the affidavit does not ask for genetic testing or state

- 4 -

a desire to establish paternity. The Petition itself plainly indicates that the action is being brought by Shirley H. "on her own accord" and Shirley H. "acting as power of attorney" for Christopher W. with nothing in the affidavit running contrary to this plain statement in the Petition.

Christopher W.'s affidavit appears to be an attempt to comply with Tennessee Code Annotated section 24-7-112(a)(1)(A), which states in pertinent part:

> In any *contested paternity case* . . . the court . . . shall order the parties and the child to submit to genetic tests to determine the child's parentage upon the request of any party if the request is supported by an affidavit of the *party* making the request:
>
>> (i) and such affidavit: Alleges paternity, and sets forth facts establishing a reasonable possibility of the requisite sexual contact between the parties.

Tenn. Code Ann. § 24-7-112(a)(1)(A) (emphasis added).

The statute requires that a "party" to a "contested paternity case" submit the affidavit which alleges paternity and sets forth facts establishing a reasonable possibility of sexual contact that led to the conception of the child. *Id.* Here, given the assertion on the face of the Petition that Shirley H. is bringing the paternity action on behalf of Christopher W. via power of attorney and the invalidity of that power of attorney, Christopher W. is not properly a "party" to a "contested paternity case." In other words, the prerequisite conditions of the statute for ordering genetic testing are simply not met.

Furthermore, as the trial judge concluded, this affidavit is not a "proper pleading." It cannot reasonably be construed as a petition to establish paternity either in form or in substance. In terms of form, it does not purport to be a petition to establish paternity, but rather an affidavit. In terms of substance, nowhere in the document does Christopher W. directly ask the court to establish paternity through genetic testing or otherwise. Thus, the document does not contradict the assertion on the face of the Petition that Shirley H. is acting via power of attorney in bringing the action, nor temper the legal ramifications of the improperly executed power of attorney. In short, the affidavit does not make Christopher W. a proper "party" to a "contested paternity action."

We also note that Shirley H. does not argue, and the record does not show, that Shirley H. or Christopher W. attempted to cure the deficiencies in the Petition when Mother and Father raised them. There is no evidence in the record that Shirley H. and Christopher W., for example, filed a correctly executed power of attorney, or amended the Petition removing the assertion that Shirley H. was acting on Christopher W.'s behalf and instead purporting that Christopher W. was seeking to establish paternity on his own behalf.

- 5 -

Christopher W. could have established an attorney-client relationship with the attorney representing Shirley H. and become an additional party to the action of his own accord.[3] The plain language on the face of the Petition, however, runs contrary. Instead, the Petition clearly states that Shirley H. is acting in Christopher W.'s stead, bringing the action under the power of attorney for him. Thus, the attorney's signature on the Petition indicates to the court that the attorney is representing Shirley H., who is bringing the action on her own behalf, and in her capacity exercising power of attorney for Christopher W., which was defective.

The trial judge's insistence that Christopher W. be a proper party to the petition is not a mere technicality. Establishment of paternity brings with it not only rights, but also a host of legal and financial responsibilities. It may well be true, as Shirley H. contends, that Christopher W. wishes to seek both these rights and these responsibilities. We do not question this contention. However, given the plain language on the face of the Petition that the Petition is brought by Shirley. H., who is acting both directly and exercising power of attorney for Christopher W., and the uncontested invalidity of power of attorney, we cannot find that the trial judge erred. Establishing paternity is a matter of enormous consequence for multiple parties, including the child, so the trial court declining to disregard the plain language of the Petition, under which Christopher W. is not truly a party to this action, is a matter of appropriate prudence, not error.

IV.

Without Christopher W. as a proper petitioner, the paternity suit may go forward only if Shirley H. has standing to bring the action on her own behalf. Tennessee Code Annotated section 36-2-305 limits who may bring a petition to establish parentage:

> (b)(1) Absent an agreement or an acknowledgement of parentage as prescribed by § 68-3-203(g), § 68-3-302, or § 68-3-305(b), a complaint to establish parentage may be filed. Except as hereinafter provided, Tennessee Rules of Civil Procedure shall govern all actions under this subsection (b).
>
> (2) A complaint to establish parentage of a child may be filed by:
>
>> (A) The child, if the child has reached the age of majority, or if the child is a minor, the child through a guardian or next friend;

---

[3] He could have also filed pro se or engaged separate counsel. We also do not discount the possibility that such a relationship existed in fact between Christopher W. and counsel, but given the plain statement of the Petition to the contrary, we cannot find error by the trial court in accepting the plain language of the Petition regarding the nature of the relationship between counsel and Christopher W.

(B) The child's mother, or if the mother is a minor, the mother's personal representative, parent, or guardian;

(C) A man claiming to be the child's father, or if the man is a minor, the man's parent, guardian, or personal representative;

(D) The department of human services or its contractor.

Tenn. Code Ann. § 36-2-305(b)(1)-(2).

Acting with Christopher W.'s power of attorney, Shirley H. could have maintained this suit under subsection (c), "a man claiming to be the child's father." However, Shirley H. herself fits none of the statutory categories. Therefore, given that Shirley H. did not have the authority to act in Christopher W.'s stead and does not otherwise fit into a statutorily empowered category with standing to bring a paternity action, the trial court did not err in dismissing the Petition to Establish Paternity.

V.

Next, we address the dismissal of the grandparent visitation action. The trial court provided two alternative grounds for dismissing the grandparent visitation action. First, the court found that without Christopher W. being established as the legal father, Shirley H. was not a "biological grandparent" as defined by Tennessee Code Annotated section 36-6-306(e)(4); therefore, she lacked standing to bring a petition for grandparent visitation. Alternatively, the court found that the juvenile court lacked jurisdiction to hear grandparent visitation issues because the child was not "born out of wedlock," as required by Tennessee Code Annotated section 36-6-306(a).

In her brief before this Court, while Shirley H. argues that the paternity action should not have been dismissed, she fails to develop a contingent argument should this court disagree regarding the trial court's first ground for dismissal of her grandparent visitation action. She does not contend that she still has standing to file a grandparent visitation action even with the paternity action dismissed. Having determined that the paternity petition was properly dismissed, Shirley H. does not present an argument in opposition to the trial court's first ground for dismissing her grandparent visitation action.

As for the trial court's second ground for its ruling dismissing the visitation action, that it did not have subject matter jurisdiction, while Shirley H's brief is not completely silent on the issue, her argument is skeletal. The brief does list as an issue "Does the Juvenile Court of Crocket County have jurisdiction to decide the issues regarding grandparent visitation of the appellant [Shirley H.] in the case at bar?" The entirety of her argument related to this issue is two sentences long and consists of a conclusory statement that ordering genetic testing would show that the child *was* born out of wedlock. Shirley

- 7 -

H. provides no citation to legal authority or further development of her argument that this indicates the trial court erred. Shirley H. does not cite to or engage with the legal authority cited by the trial court or provide any countervailing authority. Because she failed to provide any authority for her assertion or develop this argument beyond an unsupported conclusory statement, we find that she has waived this argument. *See Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."). Thus, we find no error in the trial court's dismissal of the Petition for Grandparent Visitation.

VI.

For these reasons discussed above, we affirm the judgment of the Juvenile Court for Crockett County. Costs of this appeal are taxed to the Appellant, Shirley H., for which execution may issue if necessary. The case is remanded for such further proceedings as may be necessary and consistent with this opinion.

_____
JEFFREY USMAN, JUDGE