IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 22, 2024 Session

**STEPHANIE ALLEN, INDIVIDUALLY AND SURVIVING SPOUSE AND
NEXT-OF-KIN OF DONALD A. ALLEN, DECEASED ET AL. v.
BENJAMIN DEHNER, M.D. ET AL.**

**Appeal from the Circuit Court for Davidson County**
No. 21C2011      Thomas W. Brothers, Judge

_____

**No. M2023-01750-COA-R3-CV**

_____


JEFFREY USMAN, J., concurring in part and dissenting in part.

In considering this appeal, the majority thoughtfully moves through the labyrinthian requirements of Tennessee health care liability actions. While the majority's analysis presents a well-considered direction to go, I cannot follow their route for its full course. Holding onto statutory language that hopefully serves the role of the thread used by Theseus in navigating out of the labyrinth,[1] I believe that the proper way back through the maze follows that statutory thread along a different path. Accordingly, I concur in part and dissent in part.

Tennessee Code Annotated section 29-26-122(a) requires that "[i]n any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." It is undisputed that Plaintiffs Stephanie and Donald Allen filed precisely such a certificate of good faith with their November 2021 complaint against Defendants Benjamin Dehner, M.D., and Associated Urologists of Nashville, PLLC. The Allens' certificate of good faith certified

---

[1] In Greek mythology, Daedulus designed an extraordinary maze, the labyrinth, on the island of Crete that was so complex that those who entered could not find their way back out. Johann Georg Heck, 4 *Iconographic Encyclopædia of Science, Literature, and Art* 120 (1851); William Henry Matthews, *Mazes and Labyrinths: A General Account of Their History and Developments* 18 (1922). The Minotaur, a half-bull half-human, was confined to the labyrinth, and its hunger was sated by feeding it human flesh. Heck at 120. Each year Athenians had to provide King Minos seven boys and seven girls as tributes to be feed to the Minotaur. Henry William Shrewsbury, *The Visions of an Artist: Studies in G. F. Watts, with Verse Interpretations* 121 (1921). Seeking to slay the Minotaur, Theseus offered himself as a tribute. Edith Hamilton, *Mythology* 474 (1969). King Minos's daughter Ariadne fell in love with Theseus and helped him to find the way out of the maze by giving him a thread to follow back out after slaying the Minotaur. *Id*. at 475.

that a competent medical expert "[b]elieve[d], based on the information available from the medical records concerning the care and treatment of Plaintiff Donald A. Allen for the incident(s) at issue, that there is a good faith basis to maintain the action consistent with the requirements of Tenn. Code Ann. § 29-26-115."

The Allens' complaint detailed Mr. Allen's diagnosis by and the course of his treatment while under the care of Dr. Dehner of Associated Urologists of Nashville. According to the Allens' complaint, Dr. Dehner attributed Mr. Allen's "urinary-retention issues to benign prostatic hyperplasia with lower urinary tract symptoms," and treated Mr. Allen accordingly from October 2019 through June 2020. However, in July 2020, after seeing other providers, Mr. Allen was diagnosed by these other providers with instead having "prostate and bone cancer." In their complaint, the Allens alleged the following:

> As a direct and proximate result of Defendants' failure to provide appropriate care and treatment to Plaintiff Donald A. Allen, Mr. Allen suffered severe permanent physical and emotional injuries. All of Defendants' failures amounted to negligence and/or recklessness and were deviations from the recognized standard of acceptable professional practice for medical care and services in the Davidson County, Tennessee community and/or similar communities and caused harm that would not have otherwise occurred.

Additionally, they alleged that

> The acts of negligence of these Defendants and their employees, agents, and/or contractors include, but are not limited to (1) the failure to treat, evaluate, diagnose, monitor, and supervise Mr. Allen within the recognized standard of care; (2) the failure to provide appropriate and effective medical care and services for Mr. Allen within the recognized standard of care; (3) the failure to properly hire, train, and supervise staff to ensure medical care and services are provided within the recognized standard of care; (4) the failure to properly evaluate, treat, and monitor Mr. Allen; (5) the failure to properly diagnose Mr. Allen; (6) the failure to order appropriate testing and appropriately follow-up based upon test results; and (7) the failure to order, or to recognize the need to order, appropriate medical consults.

Regarding damages, their complaint further stated that

> As a direct and proximate result of the negligent acts and omissions of the Defendants and their employees, agents, and/or contractors as set forth above, Plaintiffs Donald and Stephanie Allen claim injury for which they seek compensation, including but not limited to:
>
> > a. excruciating, debilitating, and conscious physical,

emotional, and mental pain and suffering;

b. Permanent physical injuries and emotional pain and suffering

c. permanent physical and mental impairment;

d. medical expenses of a past, present, and future nature;

e. humiliation, embarrassment, degradation, and fright;

f. loss of dignity and respect;

g. loss of enjoyment of life;

h. loss of earnings and earning capacity;

i. Loss of consortium; and

j. all such other relief, both general and specific, to which Plaintiffs may be entitled under the premises pursuant to applicable law.

Unfortunately, on September 6, 2022, Mr. Allen died. In the wake of Mr. Allen's passing, the trial court approved a consent order allowing Ms. Allen to amend the complaint. The amended complaint responded to the changed circumstances resulting from Mr. Allen's death. For example, the amended complaint now identifies "Ms. Allen as surviving spouse and next-of-kin of Donald A. Allen." Also, whereas the original complaint had indicated that the defendants "are the subject of this complaint for personal injury and medical malpractice," the amended complaint now states that the defendants are "subject of this complaint for personal injury, medical malpractice, and wrongful death." Multiple references were also added in the complaint to Mr. Allen's death as a new injury resulting from the Defendants' negligence, including, among other places, in the amended complaint's express statement of damages. Otherwise, regarding the underlying liability theories and damages advanced in the original complaint, the amended complaint remained the same. The amended complaint states that a certificate of good faith was being filed contemporaneously with the amended complaint and that this certificate is incorporated by reference into the amended complaint, but neither a new certificate nor the original certificate was actually submitted with the amended complaint. The Defendants moved for dismissal based upon failure to a file a new certificate of good faith with the amended complaint. The trial court granted that motion, concluding that a second certificate of good faith needed to be filed and dismissing the amended complaint in its entirety. This appeal centers upon whether the trial court erred in its conclusion.

Returning to the foundational statutory language, Tennessee Code Annotated section 29-26-122(a) requires that "[i]n any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." In November 2021, Mr. and Ms. Allen did precisely what was required by the statute. The Allens seemingly satisfied the requirement of Tennessee Code Annotated section 29-26-122(a) by filing a certificate of good faith with their complaint.

- 3 -

If viewed anew without the gloss of subsequent statutory interpretation, it would be plausible to read Tennessee Code Annotated section 29-26-122, the certificate of good faith statute, as generally having no application to amended complaints so long as a certificate of good faith was filed with the complaint. The statutory language imposes no express requirement to file a second certificate of good faith with an amended complaint. Where the Tennessee General Assembly seeks to address both complaints and amended complaints, it certainly can address both via the express terms of the statutory scheme. *See* Tenn. Code Ann. § 20-1-119(a) (addressing the addition of other parties in response to answers to a "complaint" and/or "amended complaint" that raises comparative fault as to a non-party); Tenn. Code Ann. § 67-1-1801(f) (directing that an "amended complaint shall be treated as an original complaint" in the context of addressing a taxpayer's challenge to the final assessment of additional taxes). More importantly, whereas Tennessee Code Annotated section 29-26-122 requires the filing of a certificate of good faith by the defendant or defense counsel "[w]ithin thirty (30) days after a defendant has alleged in *an answer or amended answer* that a non-party is at fault for the injuries or death of the plaintiff," the same statutory section merely requires the filing of "a certificate of good faith with *the complaint*" without referencing such a requirement as to an amended complaint. Tenn. Code Ann. § 29-26-122(a) & (b) (emphasis added). Additionally, under Tennessee Code Annotated § 29-26-122(c), "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice." A plaintiff who has filed a certificate of good faith with his or her complaint has not failed "to file a certificate of good faith in compliance with the section." *See* Tenn. Code Ann. § 29-26-122(c). Furthermore, Tennessee Code Annotated section 29-26-122 requires that a statutorily competent expert believe that "there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115." Tenn. Code Ann. § 29-26-122(a)(1)(B).[2] This good faith basis assessment is made "based on the information available from the medical records concerning the care and treatment of the plaintiff for the incidents or incident at issue." Tenn. Code Ann. § 29-26-122(a)(1)(B) & (a)(2)(B). Nowhere in the express language of Tennessee Code Annotated section 29-26-122 is there any suggestion that the expert must engage in a mandatory stem-to-stern review of the complaint or even necessarily any review of the complaint. Instead, the expert is only required by the text of the statute to review the relevant medical records. Under Tennessee Code Annotated section 29-26-115, in addition to the statutory competency requirements the expert must have a good faith basis to believe, based upon available medical records, that the defendant, either through act or omission, did not meet the standard of care and that as a proximate result of the defendant's negligent act or omission that the plaintiff suffered injuries which would not otherwise have occurred.

---

[2] Tennessee Code Annotated section 29-26-122(a)(2)(B), which applies in circumstances of informational availability deficiencies, requires the plaintiff to certify that he or she consulted an expert who believes that there is "a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115."

Tenn. Code Ann. § 29-26-115(a). In other words, the expert certifies there is a good faith basis to believe the defendant negligently acted or failed to act, which proximately caused the plaintiff to suffer injuries that would not otherwise have been suffered. Under the express language of the statute, there simply is no provision requiring a comprehensive review and endorsement of the good faith basis of every claim, theory, and injury asserted in the complaint. When a certificate of good faith is filed with the complaint, it serves the more modest purpose of ensuring that the action has some merit and weeding out totally frivolous actions.[3] Viewed in this vein, as noted above, there is a plausible reading of Tennessee Code Annotated section 29-26-122, viewed anew, in which the certificate of good faith requirement simply does not generally apply to amended complaints.

However, precedent has imposed an additional edifice upon the above-described textual base. In fact, an understanding that amended complaints are wholly not implicated by the certificate of good faith requirement would run squarely into the interpretation of the health care liability action statutory scheme by the Tennessee Court of Appeals in multiple prior decisions, including in published decisions. What the statutory language does mean, though, is that Tennessee Code Annotated section 29-26-122(a) does not axiomatically impose a requirement of filing a certificate of good faith simply because an amended complaint has been filed. Instead, the imposition of such a requirement must find additional support elsewhere.

There are at least four circumstances under which the prior filing of an otherwise valid certificate of good faith has been found by Tennessee courts to be insufficient and a second certificate of good faith found to be necessary. One of the four circumstances, the one precedentially grounded in a decision of the Tennessee Supreme Court, arises not from the filing of an amended complaint but instead from the filing of a new complaint following a voluntary dismissal. The other three circumstances, which are precedentially grounded in decisions of the Tennessee Court of Appeals, do arise in connection with the filling of amended complaints. These circumstances include a defendant asserting fault against a non-party, a plaintiff adding a new defendant, and a plaintiff adding in the amended complaint acts or omissions that were not addressed in the complaint as breaches of the standard of the care that caused injuries that would not otherwise have been suffered by the plaintiff.

Turning to more closely examine the four circumstances, one, if a plaintiff voluntarily nonsuits his or her action and subsequently refiles suit, then the prior certificate of good faith filed in the initial action will not satisfy the statutory requirements for maintaining a new health care liability action. In *Myers v. AMISUB (SFH), Inc.*, 382

---

[3] *See generally Est. of Blankenship v. Bradley Healthcare & Rehab. Ctr.*, 653 S.W.3d 709, 714 (Tenn. Ct. App. 2022); *Johnson v. Rutherford Cnty.*, No. M2017-00618-COA-R3-CV, 2018 WL 369774, at *9 (Tenn. Ct. App. Jan. 11, 2018); *Kerby v. Haws*, No. M2011-01943-COA-R3-CV, 2012 WL 6675097, at *4 (Tenn. Ct. App. Dec. 20, 2012) (citing *Jenkins v. Marvel*, 683 F.Supp.2d 626, 639 (E.D. Tenn. 2010)).

S.W.3d 300 (Tenn. 2012), the plaintiff, Mr. Myers, filed suit against various medical providers, voluntarily dismissed his case, and then refiled. *Myers*, 382 S.W.3d at 304. Asserting that his claim should not be dismissed for failure to file a certificate of good faith accompanying his new health care liability action, Mr. Myers argued that "he substantially complied with the statutes[4] based on the filing of his previous suit and the subsequent litigation." *Id*. at 309. The Tennessee Supreme Court rejected his contention, but did so because his refiled suit, which followed a voluntary dismissal, constituted a new action. *Id*. at 309-10. Having noted Mr. Myers's argument, the Tennessee Supreme Court explained its rationale for disagreeing with his contention as follows:

> We disagree. When Mr. Myers dismissed his first suit and filed his second complaint, he instituted a new and independent action, bearing a separate docket number. . . . Mr. Myers's original cause of action ceased to exist when the trial court granted his voluntary nonsuit on October 21, 2008. *Oliver v. Hydro–Vac Servs.*, 873 S.W.2d 694, 696 (Tenn. Ct. App. 1993) ("No present controversy exists after the plaintiff takes a nonsuit. The lawsuit is concluded. . . . ") (citation omitted); 1 Lawrence A. Pivnick, Tennessee Circuit Court Practice § 23.1 (2011 ed.) ("When a voluntary nonsuit has been taken, the action is terminated."). Although the dismissal of the original complaint demarcated the beginning of the one-year period during which Mr. Myers could commence a new action under the savings statute, the original action did not survive, nor did the dismissal in any way indicate whether Mr. Myers would assert a claim in the future. *See Oliver*, 873 S.W.2d at 696 ("The plaintiff's refiling the suit [after taking a nonsuit] is a contingent event that may not occur.")
>
> . . . .
>
> As a new action, the September 30, 2009 complaint was subject to the law in effect at the time of its filing, including the requirements of Tennessee Code Annotated sections 29-26-121 and 122.

*Myers*, 382 S.W.3d at 309-10.[5] The *Myers* result follows seamlessly from the express requirement of Tennessee Code Annotated section 29-26-122(a) that "[i]n any health care

---

[4] In addition to the necessity of a certificate of good faith, compliance with the pre-suit notice requirement was also before the court in the *Myers* case. *Id.* at 309.

[5] In *Foster v. Chiles*, 467 S.W.3d 911, 915 (Tenn. 2015), the Tennessee Supreme Court addressed what it noted was "a somewhat similar issue" to that posed by *Myers*, with the *Foster* Court tackling "whether notice given before the filing of the first complaint is sufficient pre-suit notice for a suit that is re-filed after the dismissal of the first complaint." *Foster*, 467 S.W.3d at 915. The Tennessee Supreme Court concluded that, after a voluntary dismissal of a suit, a plaintiff who refiles a complaint presents a new action and is subject again to the pre-suit notice requirements. *Id.* at 916.

liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint."

Circumstances two and three in which Tennessee courts have found that reliance upon a previous certificate of good faith was inadequate relate to an assertion of liability against non-parties, by either a defendant or a plaintiff, respectively. For the second circumstance, Tennessee Code Annotated section 29-26-122(b) expressly provides that

(b) Within thirty (30) days after a defendant has alleged in an answer or amended answer that a non-party is at fault for the injuries or death of the plaintiff and expert testimony is required to prove fault as required by § 29-26-115, each defendant or defendant's counsel shall file a certificate of good faith stating that:

(1) The defendant or defendant's counsel has consulted with one (1) or more experts, which may include the defendant filing the certificate of good faith, who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

(B) Believe, based on the information reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to allege such fault against another consistent with the requirements of § 29-26-115; or

(2) The defendant or defendant's counsel has consulted with one (1) or more medical experts, which may include the defendant filing the certificate of good faith, who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29-26-115 to express an opinions or opinions in the case; and

(B) Believe, based on the information reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the information reasonably available to the defendant or defendant's counsel; and that, despite the absence of this information, there is a good faith basis for alleging such fault

- 7 -

against another, whether already a party to the action or not, consistent with the requirements of § 29-26-115.

Tenn. Code Ann. § 29-26-122(b).

In *Hanson v. Levan*, 647 S.W.3d 85 (Tenn. Ct. App. 2021), this court confronted a circumstance implicating this statutory provision in which a plaintiff had initially named multiple medical providers as defendants in a health care liability action, including Dr. Spencer Adoff, and provided a certificate of good faith in support of the health care liability action. *Hanson*, 647 S.W.3d at 86-87. As litigation proceeded, the number of defendants winnowed down, including through dismissal of Dr. Adoff from the action. *Id*. at 87. The plaintiff filed an amended complaint indicating that the only defendants against whom the plaintiff was bringing suit were nurse practitioner Sarah J. Levan, Dr. Brian T. Mosrie, and Summit Medical Group. *Id*. These remaining defendants filed an amended answer asserting comparative fault against others including medical provider Dr. Adoff, who, as noted above, had been named in the plaintiff's original complaint but was no longer a party to the case. *Id*. at 87-88. The defendants did not, however, provide a certificate of good faith, which the trial court found to be in violation of the requirements of Tennessee Code Annotated section 29-26-122(b). *Id*. at 88-90. Asserting that the trial court had erred, the defendants argued on appeal that they (the defendants)

> were not required to file a certificate of good faith concerning [Dr. Adoff] because Plaintiff already had filed a certificate of good faith that included Dr. Adoff with the initial complaint and Defendants had maintained allegations of comparative fault against Dr. Adoff throughout the proceedings. According to Defendants, the allegations they had made against Dr. Adoff were "nearly identical" to the allegations made by Plaintiff in their original complaint. Defendants therefore argue that there were "not any new claims against a new non-party health care provider that would require the filing of an additional certificate of good faith."

*Id*. at 92-93.

This court rejected the defendants' contention. In doing so, we reasoned as follows:

> Upon our analysis of Tennessee Code Annotated § 29-26-122, we determine that the statute is clear and unambiguous. Pursuant to subsection (b), a defendant must file a certificate of good faith within thirty days of filing an answer if he or she alleges that "a non-party" is at fault for the plaintiff's injuries or death and an expert witness would be required to prove such fault. We find no ambiguity in that requirement or the term "non-party." . . . [A] "non-party" is simply an individual or entity that is not a party to the action. . . .

Defendants' argument is essentially that Dr. Adoff was not a "non-party" because Plaintiff had made allegations against him and filed a certificate of good faith concerning Dr. Adoff with the original complaint. However, at the time the amended complaint was filed, Dr. Adoff was not a party to the action. Defendants agreed to allowing Plaintiff to file the amended complaint and were provided notice of the amended complaint, which removed Dr. Adoff as a party to the action. When filing their answer to the amended complaint, Defendants clearly had notice that Dr. Adoff was no longer a party to the action. The amended complaint, the specific document to which Defendants were answering, had removed Dr. Adoff as a party to the action.

When Dr. Adoff was removed as a party in the amended complaint, Plaintiff not only no longer had any burden of proving liability on the part of Dr. Adoff, it would be against Plaintiff's interest to do so. At the time Defendants filed their answer to the amended complaint alleging comparative fault, the sole burden of establishing any fault by Dr. Adoff, a non-party, was with Defendants. In order to strictly comply with Tennessee Code Annotated § 29-26-122, Defendants had to file a certificate of good faith following their answer to the amended complaint concerning their allegations against Dr. Adoff within thirty days. They did not do so.

*Id*. at 93-94.

As noted in *Hanson*, Tennessee Code Annotated section 29-26-122(b) expressly imposes upon defendants or defendant's counsel the requirement to file a certificate of good faith under these circumstances. Furthermore, as noted above, unlike the language of Tennessee Code Annotated section 29-26-122(a), which only expressly imposes the certificate of good faith requirement upon the filing of "the complaint," the language of Tennessee Code Annotated section 29-26-122(b) imposes a requirement of filing a certificate of good faith requirement as to an "answer" or "amended answer" alleging fault against a non-party.

The third circumstance in which the filing of a prior certificate of good faith has been found to be insufficient arises from additional parties being added to the suit, though this time added by plaintiffs. As with defendants attributing liability to non-parties, there is a statutory basis, although a less direct one, for imposing a refiling requirement on plaintiffs who add new defendants. In *Sirbaugh v. Vanderbilt University*, 469 S.W.3d 46 (Tenn. Ct. App. 2014) this court confronted a circumstance in which a plaintiff, Ms. Sirbaugh, filed an amended complaint naming additional medical provider defendants who were not listed in her initial complaint and as to whom no certificate of good faith had been provided by Ms. Sirbaugh. This court concluded that a certificate of good faith was

required as to the new defendants and reasoned as follows:

> In this action, when Ms. Sirbaugh filed her initial complaint, the expert's opinion was predicated on his or her belief that there was a good faith basis to maintain the cause of action against the Original Defendants, VUMC and Dr. Hagan. As permitted in § 29-26-122(c), Ms. Sirbaugh apparently waived the requirement that the Original Defendants file a certificate of good faith when they made allegations against non-party health care providers. However, when Ms. Sirbaugh learned that HMC and Deaconess [(other medical providers)] might be at fault, waived the filing of a certificate of good faith by the Original Defendants, and decided to amend her complaint to add the non-parties, "she was required to consult with an expert to determine whether there was a good faith basis to maintain a cause of action against [HMC and Deaconess] and to file a certificate indicating as such with her amended complaint" adding them as defendants. *Groves v. Colburn*, No. M2012-01834-COA-R3-CV, 2013 WL 3964758, at \*3 (Tenn. Ct. App. July 30, 2013). Like we noted in *Groves*, "[s]ince the allegations changed to claim . . . liability based on different facts, a new certificate based upon the expert's review of newly alleged facts was necessary." *Id*. The purpose of this mandate is to ensure that there has been expert certification of a good faith basis for maintaining a claim against any new defendant.

> Like the plaintiff in *Groves*, Ms. Sirbaugh failed to file a second certificate of good faith with her amended complaint that certified an expert's review of the facts and claims specific to HMC and Deaconess and the belief that there was a good faith basis for pursuing the claims against them. As the *Groves* decision makes clear, Ms. Sirbaugh could not rely on the certificate of good faith filed with the initial complaint because that certificate was predicated on an expert's belief that there was a good faith basis to maintain the cause of action against the Original Defendants and not the New Defendants. *Groves*, 2013 WL 3964758, at \*3. Ms. Sirbaugh was obligated to file a statutorily compliant certificate of good faith with her amended complaint. She violated Tennessee Code Annotated section 29-26-122 by failing to do so. Therefore, dismissal of the claims against HMC and Deaconess was mandated. *See Portwood v. Montgomery Cnty., Tenn.*, No. 3:13–cv–0186, 2013 WL 6179188 (M.D. Tenn. Nov. 25, 2013) ("If either a plaintiff or a defendant fails to comply with Section 122, the plaintiff's complaint or the defendant's allegations of fault against a non-party are, upon motion, subject to mandatory dismissal with prejudice.").

*Sirbaugh*, 469 S.W.3d at 53 (footnote omitted).

The *Sirbaugh* decision fits with the statutory language of Tennessee Code

- 10 -

Annotated section 29-26-122(a) relating to the certificate of good faith requirements for plaintiffs, notably 122(a)'s demands in relation to Tennessee Code Annotated section 29-26-115. Tennessee Code Annotated section 29-26-122(a) states

The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

(B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

(B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

Tenn. Code Ann. § 29-26-122(a).

As properly noted by the majority in the present case, Tennessee Code Annotated

section 29-26-122 references Tennessee Code Annotated section 29-26-115 in terms of the good faith basis of belief, meaning a party's good faith certification necessarily rests upon an expert's good faith basis beliefs consistent with the three elements of a health care liability action listed in that statute, i.e.,

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similarly community at the time the alleged injury or wrongful action occurred;

> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a). The requirements of Tennessee Code Annotated section 29-26-115 regarding the standard of care, breach, and that the breach was the proximate cause of the plaintiff suffering injuries are all specifically tied to "the defendant" whose conduct is being assessed by the expert. The statutory requirements of Tennessee Code Annotated section 29-26-115 are integrated, at least on a good faith basis of belief, into the good faith certificate requirement of Tennessee Code Annotated section 29-26-122. In accord with the *Sirbaugh* decision, this imposes statutory demands that a plaintiff cannot file a complaint naming one defendant (Defendant A) with an accompanying certificate of good faith addressed to Defendant A and then file an amended complaint naming a different defendant (Defendant B) and proceed against Defendant B upon a certificate of good faith that only addresses the standards of Tennessee Code Annotated section 29-26-115 with regard to Defendant A. *See Sirbaugh*, 469 S.W.3d at 53. Such is the result of *Sirbaugh*, which required a certificate of good faith for suit against a new defendant. *Id*.[6]

The fourth circumstance in which the previous filing of a certificate of good faith has proven inadequate arose in connection with an amended complaint that raised a new basis of liability predicated on purportedly negligent acts that were not addressed in the original complaint. In *Estate of Vickers v. Diversicare Leasing Corp.*, No. M2021-00894-COA-R3-CV, 2022 WL 2111850 (Tenn. Ct. App. June 13, 2022), the plaintiff, Ms. Vickers, filed a health care liability action against multiple medical providers accompanied by a certificate of good faith. *Id*. at *1. Following discovery, the plaintiff filed an amended complaint that added a medical negligence theory predicated upon a lack of informed

---

[6] *See also Ingram v. Gallagher*, No. E2020-01222-COA-R3-CV, 2023 WL 4584547, at *10 (Tenn. Ct. App. July 18, 2023), *perm. app. denied* (Tenn. Jan. 11, 2024) (concluding that the addition of a new defendant who had previously been dismissed rendered the action, in light of Tennessee Supreme Court jurisprudence in connection with voluntary dismissals and health care liability actions, a new action that required a new certificate of good faith).

- 12 -

consent as a proximate cause of her injuries. *Id*. at *1-2. The plaintiff argued that no second certificate of good faith was required because a certificate of good faith was filed with the initial complaint, and "once a plaintiff has assured the defendant that the lawsuit has a good faith basis, the statute is satisfied whether or not the plaintiff amends or adds claims." *Id*. at *7. This court rejected the plaintiff's argument. *Id*. at *9. The *Vickers* Court concluded that

> when Plaintiff learned new information during discovery that revealed additional grounds for liability, Plaintiff was required to consult with an expert to determine whether there was a good faith basis to assert claims based on those new allegations and to file a certificate stating as such with her amended complaint. Because the original certificate was based on an expert's belief that there was a good faith basis to maintain the action based on the claims in the original complaint, Plaintiff could not rely on the original certificate to support her amended complaint.

*Id*.

Again as noted above and as addressed by the majority in the present case, Tennessee Code Annotated section 29-26-122 references Tennessee Code Annotated section 29-26-115 regarding the good faith basis of belief, meaning an expert's good faith certification necessarily rests upon an expert's good faith basis beliefs consistent with the three elements of a health care liability action listed in that statute, i.e.,

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similarly community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a). The requirements of Tennessee Code Annotated section 29-26-115 regarding the standard of care, breach, and that the breach was the proximate cause of the plaintiff suffering injuries are specifically tied to the expert's assessment of whether there is a good faith basis for belief that the defendant's "act or omission" breached the standard of care. The statutory requirements of Tennessee Code Annotated section 29-26-115 are integrated, at least on a good faith basis of belief, into the good faith certificate requirement of Tennessee Code Annotated section 29-26-122. In accord with the *Estate of Vickers* decision, this imposes a statutory demand that a plaintiff cannot file a complaint

predicated on a certain act or omission being a breach of the standard of care (Negligent Act/Omission A) with an accompanying certificate of good faith addressing Negligent Act/Omission A and then file an amended complaint asserting a different negligent act or omission (Negligent Act/Omission B) and proceed under a theory of liability predicated upon Negligent Act/Omission B under a certificate of good faith that only addresses the requirements of Tennessee Code Annotated section 29-26-115 with regard to Negligent Act/Omission A. *See Estate of Vickers,* 2022 WL 2111850, at *9. Such is the result of *Estate of Vickers*, which required a certificate of good faith to be filed supporting a good faith basis that a new act or omission advanced in the amended complaint, which was not set forth in the complaint, constituted a breach of the standard of care. *Id.*.

With this precedential interpretive gloss in mind, turning to the circumstances of the present case, it is critical, in my view, to divide the Plaintiff's allegations into two categories: (1) restatement of alleged breaches of the standard of care and resulting injuries proximately caused thereby set forth in the initial complaint and (2) an injury, Mr. Allen's death specifically, first asserted in the amended complaint with accompanying assertions of breach of the standard of care and proximate causation of this injury. I agree with the majority that, in the absence of a new certificate of good faith, under this court's precedents, Ms. Allen is not able to pursue her health care liability action to the extent of seeking to recover in relation to her husband's death. I disagree with the majority's conclusion that the restated allegations in the amended complaint are subject to dismissal for failure to file a second certificate of good faith as to the same allegations for which Ms. Allen already properly filed a certificate of good faith in this same health care liability action.

In light of this court's prior precedents, insofar as the amended complaint seeks recovery for the death of Mr. Allen, I agree that a new certificate of good faith was required to be filed. The requirement of the certificate of good faith mandates that an expert has been consulted and includes, in part, certification by the expert that a good faith basis exists to believe the defendant breached the standard of care and that this breach proximately caused injury to the plaintiff. *See* Tenn. Code Ann. § 29-26-115; Tenn. Code Ann. § 29-26-122. Like failure to have an expert assess whether a good faith basis existed for adding new defendant in *Sirbaugh*, or like failure to have an expert assess whether a newly alleged negligent act or omission fell below the standard of care in *Estate of Vickers*, similarly, no expert has considered whether there is a good faith basis to conclude this injury was proximately caused by the defendants breaching the standard of care. The new injury, Mr. Allen's death, that is being added via the amended complaint was not encapsulated within the complaint for which the certificate of good faith was provided. Assessed in light of this court's precedents, this is problematic for Ms. Allen because Tennessee Code Annotated section 29-26-115(a), as integrated into the certificate of good faith requirement by Tennessee Code Annotated section 29-26-122(a), requires a good faith basis to believe that the Defendant's negligence was the proximate cause of the Plaintiff's injury. In the present case, no expert has considered and certified that there is a good faith basis for concluding that Mr. Allen's death in the present case is a result of a breach of the standard

- 14 -

of care by Dr. Dehner and Associated Urologists of Nashville. As *Sirbaugh* addressed plaintiffs adding new defendants and *Estate of Vickers* addressed plaintiffs adding new negligent acts or omissions, this case confronts adding new injuries that are purportedly proximately caused by negligent acts or omissions of the defendant. All three reflect aspects of Tennessee Code Annotated section 29-26-115(a) that are integrated into the certificate of good faith requirement via Tennessee Code Annotated section 29-26-122(a).

As for the assertions of liability and injuries that are simply reassertions in the amended complaint of allegations from the complaint as to which a certificate of good faith was provided, I do not agree with the Majority that the statutory scheme requires dismissal of these claims because Ms. Allen failed to provide a second certificate of good faith reiterating what had already been indicated in the first — that there is good faith basis consistent with Tennessee Code Annotated section 29-26-115 to maintain this action with regard to these allegations. In considering the statutory text in light of the prior precedents of this court, Mr. Allen's death and a renumbering of the paragraphs from the complaint in the amended complaint does not eliminate the efficacy of a certificate of good faith filed by the Plaintiff with the complaint. The original certificate of good faith certified a good faith basis for believing that Dr. Dehner and Associated Urologists of Nashville engaged in conduct that breached the standard of care and caused the purported injuries. Regarding the restated bases of liability and damages set forth in the complaint accompanied by the certificate of good faith, dismissal as to these allegations would errantly treat the prior certificate of good faith filed as part of this same health care liability action as if it had never been filed and simply did not exist.

In my view, Tennessee Code Annotated section 29-6-122(c) stands as the most problematic aspect of the statutory scheme for my understanding of the working of the statutory scheme. This provision states that "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice." Tenn. Code Ann. § 29-6-122(c). There are multiple problems, however, with reading this provision as requiring the dismissal of Ms. Allen's amended complaint in its entirety. First, as noted above, Tennessee Code Annotated section 29-6-122 simply does not expressly impose any requirements as to certificates of good faith for amended complaints. Tenn. Code Ann. § 29-26-122(a) ("In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file *a* certificate of good faith with *the complaint*." (emphasis added)). Accordingly, requiring certificates of good faith for amended complaints reaches beyond the express language of the statute. Second, the Allens did provide a certificate of good faith as to "the complaint" that satisfied the requirements of Tennessee Code Annotated section 29-26-122. In other words, the Plaintiff did in the present case file a certificate of good faith that satisfied the requirements of Tennessee Code Annotated section 29-26-122. Accordingly, this case does not involve a circumstance in which a plaintiff failed to file a certificate of good faith in compliance with Tennessee Code Annotated section 29-26-122, but instead, a case where such a certificate was filed with

- 15 -

the complaint but no such certificate was filed with the amended complaint. Thus, again, the circumstances of the present case stand beyond the express text of the statute. The question, accordingly, becomes not what result follows if a plaintiff fails to file a certificate of good faith with his or her complaint but instead what result follows from a plaintiff failing to file a second certificate of good faith with his or her amended complaint.

Drawing a line of demarcation between the newly added and restated former assertions is consistent with the prior cases addressed above. For example, in *Groves v. Colburn*, No. M2012-01834-COA-R3-CV, 2013 WL 3964758 (Tenn. Ct. App. July 30, 2013), this court "affirm[ed] the trial court's dismissal of Mrs. Groves's claim against Dr. Colburn," who was the new defendant the plaintiff was seeking to add without providing a certificate of good faith in relation to his conduct. *Groves*, 2013 WL 3964758, at *4. Similarly, in *Sirbaugh*, this court dismissed the new defendants Hardin Medical Center and Elk Valley Home Health d/b/a Deaconess Hardin Medical. *Sirbaugh*, 469 S.W.3d at 53-54. And, in *Estate of Vickers*, this court vacated the trial court's decision to dismiss the amended complaint in its entirety and remanded for further consideration. *Estate of Vickers*, 2022 WL 2111850, at *12.

The language of Tennessee Code Annotated section 29-26-122(a) provides the statutory thread that hopefully leads back out of the maze. It requires that "[i]n any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." Ms. Allen complied with the express requirement of Tennessee Code Annotated section 29-26-115. The gloss of statutory interpretation plainly indicates, however, that there are circumstances when a plaintiff files an amended complaint under which there is a requirement to file a second certificate of good faith. This gloss, though, has not rendered Ms. Allen's compliance with the express terms of the statute a nullity. To the extent that her amended complaint simply restates allegations that have been properly certified as having a good basis, her claims should stand. To the extent that her amended complaint advances allegations that reach beyond the original allegations without the support of a certificate of good faith, they should fall. That is at least my understanding of the statutory scheme in light of the interpretive gloss placed thereupon. Accordingly, while the Majority's opinion offers a thoughtful and well-considered analysis, I respectfully concur in part and dissent in part.[7]

---

[7] The majority understands the superseding nature of the amended complaint as converting the amended complaint into the "the complaint" referenced in Tennessee Code Annotated section 29-26-122. This understanding implicates the statutory requirement to dismiss. I do not see the superseding nature of the amended complaint as carrying this weight for purposes of the statute. Such a reading, in my view, is discordant within Tennessee Code Annotated section 29-26-122 itself. Within the same statute, the General Assembly did not textually treat the superseding nature of a subsequent pleading in this manner with regard to answers. Instead, the General Assembly imposed an express requirement as to filing a certificate of good faith for both answers and amended answers. This is so even though "just as an amended complaint supersedes the original complaint, a party's most recent amended answer supersedes any previously filed

s/ Jeffrey Usman<br>
JEFFREY USMAN, JUDGE

---

responsive pleadings." 61B Am. Jur. 2d Pleading § 729. Additionally, the majority's reading would seemingly threaten to impose a requirement of filing a new certificate of good faith with any superseding amended complaint irrespective of how minimal the change or unrelated the alterations are to the good faith basis analysis of Tennessee Code Annotated section 29-26-115.